19-2561
*Zheng v. Garland*

BIA
A072 216 761

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

SUN WON ZHENG, AKA XINGWANG ZHENG,
> *Petitioner,*

v.                                                          19-2561

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,[1]
> *Respondent.*

_____

FOR PETITIONER:           Peter L. Quan, Esq., New York, NY.

FOR RESPONDENT:           Brian M. Boynton, Acting Assistant Attorney General; Kohsei

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted for Attorney General William P. Barr.

Ugumori, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **DISMISSED** in part.

Petitioner Sun Won Zheng, a native and citizen of the People's Republic of China, seeks review of a July 25, 2019 decision of the BIA denying his motion to reopen Zheng's exclusion proceedings. *In re Sun Won Zheng,* No. A072 216 761 (B.I.A. July 25, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Before the BIA, Zheng argued that the time limitation for filing his motion to reopen should be tolled due to the ineffective assistance of his former counsel and that his exclusion proceedings should be reopened to permit him to apply for certain forms of relief.

It is undisputed that Zheng's 2018 motion to reopen was untimely because he filed it more than 20 years after his

2

exclusion and deportation order became final in 1997. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). The BIA did not err in declining to equitably toll the period for Zheng to file his motion based on his claim that his former attorney was ineffective in his underlying exclusion proceedings because Zheng failed to exercise due diligence during the more than 20 years that passed between his order of exclusion and his motion to reopen. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

Because Zheng did not demonstrate that the time limitation applicable to his motion should be excused, "his motion to reopen could only be considered upon exercise of the [BIA's] sua sponte authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte and dismiss the petition to that extent. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

3

\*          \*          \*

For the foregoing reasons, the petition for review is **DENIED** in part and **DISMISSED** in part. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4